SUMMARY ORDER
Defendant-appellant Interaudi Bank (“Interaudi”) appeals from an order of the district court dated April 15, 2008, granting partial summary judgment in favor of Interaudi and a judgment dated April 30, 2008, finding Interaudi liable to plaintiffs after a bench trial. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal.
*382 On appeal, Interaudi argues that the district court erred in holding, in its decision granting Interaudi partial summary judgnent, that all of the procedures described in Interaudi’s “Funds Transfer Policy and Procedures” document (“FTPP document”) were the wire transfer “security procedures” relevant in this case.[1] This purported error, however, is the very outcome at which Interaudi encouraged the district court to arrive. For instance, in its memorandum of law on summary judgment, Interaudi represented that, “[i]n addition to the signed facsimile, signature verification, and telephone confirmation, [Interaudi’sj security procedure required that the customer answer certain security questions during the confirmation phone call, and that the call be recorded.” Mem. of Law in Supp. of Def.’s Mot. for Summ. J. 9 (emphasis added). Interaudi made this representation more than once in its memorandum. See id. (arguing that its “security procedure ... contained ... a requirement that the customer answer certain security questions and that the phone call be recorded ” (emphasis added)). Further, once the district court granted summary judgnent to Interaudi and quoted all of the security procedures in the FTPP document in its opinion (including those that Interaudi now challenges), Interaudi did not seek reconsideration or draw the district court’s attention to what it now argues to be an error. In its joint pretrial order, Interaudi set forth the entire FTPP document and represented that it “contained the Bank’s procedures concerning wire transfers.” Joint Pre-Trial Order at 3. Nowhere in the pretrial order did In-teraudi ask the district court to reexamine its grant of summary judgment or reconsider what Interaudi’s security procedures might be. Finally, in its opening statement, Interaudi admitted to the district court that “the bank’s security procedures required that the customer answer certain security questions, and that the phone call be recorded, and that it be logged.”
Interaudi’s litigation strategy below is fatal to its appeal. We have said that, when a party has “induced by [its] position below” the “error [that] is alleged now,” that party “cannot complain” of the error on appeal. Dir. Gen. of India Supply Mission v. S.S. Maru, 459 F.2d 1370, 1377 (2d Cir.1972); see also van Nijenhoff v. Bantry Transp. Co., 791 F.2d 26, 28 (2d Cir.1986) (refusing to “allow appellant to try the case anew on a theory steadfastly avoided until after the verdict” for strategic reasons); Remington Rand, Inc. v. United States, 202 F.2d 276, 278 (2d Cir.1953) (“A party may not secure a reversal resulting in prolonging the litigation by reliance upon an error for which it was responsible.”). Because Interaudi induced the alleged error it now complains of, we decline to review it at Interaudi’s behest.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

. Specifically, Interaudi argues that the district court erred in finding that its security procedures required that its customers answer certain security questions during a phone call confirming a wire transfer request and that the call be recorded.